PER CURIAM.
b Granted. The appellate court’s judgment granting relator post-conviction relief is vacated and relator’s second degree murder conviction and sentence are reinstated.
The undisclosed revelation that the state’s main witness, relator’s former extramarital lover, sought protection for his young son from criminal charges arising out of the same incident before he made a statement to the police was relevant to the witness’s credibility as a possible motive for his testimony as a state witness at trial. See State v. Rankin, 465 So.2d 679, 681 (La.1985)(“The possibility that the prosecution may have leverage over a witness due to that witnesses] pending criminal charges is recognized as a valid area of cross-examination.”); cf. State v. Johnson, 363 So.2d 684, 686 (La.1978)(“Fear that police will inflict additional harm on another has been recognized as a substantial factor in determining the voluntary nature of the confession.”). However, the main source of the witness’s bias and motivation, ie., his own ^involvement in the crime as the triggerman and the favorable plea agreement he struck with the state, was brought to the jury’s attention, along with his criminal record. Furthermore, another witness for the state corroborated relator’s involvement in planning the crime through his testimony that relator told him she would evade charges because the murder weapon was unrecoverable. Finally, relator’s own testimony included an admission that she discussed her husband’s alleged death wish with her lover and was aware he planned to “take care of it.”
Thus, as the district court found, even assuming that they were made, the undisclosed assurances by the state’s investigator shielding the son of the prosecution’s main witness from criminal charges (for which there was little or no basis) do not rise to a level of materiality warranting reversal under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. See, e.g., State v. Marshall, 81-3115, p. 16 (La.9/5/95), 660 So.2d 819, 826 (“Evidence is material [and reversal warranted] only if it is reasonably probable that the result of the proceeding would have been different had the evidence been disclosed to the defense. A reasonable probability is one which is sufficient to undermine confidence in the outcome.”). Accordingly, the district court did not err in denying relator post-conviction relief.
CALOGERO, C.J., and KIMBALL, J., would grant and docket.